Romie **DALA**, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74406.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 20, 2009.

Romie Dala, Lynnwood, WA, pro se.

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Leah V. Durant, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Romie Dala, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual determinations and we will reverse only if any reasonable adjudicator would be compelled to conclude to the contrary. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny in part and grant in part the petition for review.

The record does not compel the conclusion that Dala established extraordinary or changed circumstances to excuse his untimely filed asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 657–58 (9th Cir. 2007) (per curiam). Accordingly, we deny the petition as to the asylum claim.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The agency erred by refusing to consider the evidence regarding whether Dala belonged to a disfavored group in assessing his withholding of removal claim, so we remand to the BIA for reconsideration of this claim. *See Wakkary v. Holder*, 558 F.3d 1049 (9th Cir.2009); *INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Substantial evidence supports the agency's determination that Dala is not entitled to CAT relief because Dala did not present evidence that he would be tortured by, or with the acquiescence of, public officials or governmental sources if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067–68.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.